BILLY and LOIS CULP,          )
          )        **Wayne Circuit**
     **Plaintiffs/Appellees,**    )        **No. 3272-C-92**
          )
**VS.**          )
          )        **Appeal No.**
**J. B. HINSON and ROY PEVAHOUSE**   )      **01A01-9707-CV-00307**
**d/b/a/ PEVAHOUSE BROTHERS,**   )
          )
     **Defendants/Appellants.**    )

**FILED**

**February 13, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

**IN THE COURT OF APPEALS OF TENNESSEE**
**MIDDLE SECTION AT NASHVILLE**

**APPEAL FROM CIRCUIT COURT OF WAYNE COUNTY**
**AT WAYNESBORO, TENNESSEE**

**HONORABLE JIM T. HAMILTON, JUDGE**

W. ANDREW YARBROUGH
P.O. Box 456
504 Highway 64 East
Waynesboro, Tennessee 38485
ATTORNEY FOR PLAINTIFFS/APPELLEES

J. DOUGLAS DICUS
P.O. Box 1119
210B So. Main Street
Waynesboro, Tennessee 38485
ATTORNEY FOR DEFENDANTS/APPELLANTS

**MODIFIED, AFFIRMED AND REMANDED.**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

| BILLY and LOIS CULP, | ) | |
|---|---|---|
| | ) | **Wayne Circuit** |
| Plaintiffs/Appellees, | ) | No. 3272-C-92 |
| | ) | |
| VS. | ) | |
| | ) | **Appeal No.** |
| J. B. HINSON and ROY PEVAHOUSE | ) | 01A01-9707-CV-00307 |
| d/b/a/ PEVAHOUSE BROTHERS, and | ) | |
| MILDRED HINSON, | ) | |
| | ) | |
| Defendants/Appellants. | ) | |

# O P I N I O N

This is a suit by purchasers of a home against the builder-seller and the septic system contractor for rescission or damages for failure of the septic system of the home. The Trial Judge rendered a non jury judgment in favor of the plaintiffs and against all defendants for $5,246; and defendants have appealed, presenting for review a single issue as follows:

> 1. Whether the Trial Court erred in finding that the appellants had breached their implied warranty as to good workmanship and materials concerning the septic tank system, even though no proof was offered as to the cause for the failure of the septic system.

The following facts are alleged in the amended complaint and admitted in the answer:

2. On March 17, 1995, plaintiffs purchased from the defendants, J. B. Hinson and wife, Mildred Hinson, a certain residence.

3. The defendant, Roy Pevahouse, installed the sewage disposal system on the premises.

4. The plaintiffs paid $65,000 for the property.

The record contains an agreed narrative statement of the evidence which contains the following summarized evidence:

The defendant, J. B. Hinson, is a general contractor, engaged in building residences. He built the subject house for his personal use, but decided to sell it to plaintiffs. No written warranty was given as to the efficiency of the septic system. Shortly after occupying the home in June 1995, plaintiffs' reported trouble in the septic system. Mr. Hinson inspected the system and found a toilet where water was running constantly and he corrected this problem. He requested Mr. Pevahouse to inspect and improve the septic system, but plaintiffs' refused to allow Mr. Pevahouse to do so.

At the request of plaintiffs, the septic system was inspected by an environmental specialist of the State Conservation Department who had located and designed the septic system. He testified that the design of the system was correct, and that the accumulation of water in the area was most likely due to excess ground water getting into the system, and that corrective measures should be to install interceptor pipes to channel the ground water away from the disposal system, and to add some extra field lines to the system.

After the above-mentioned inspection and recommendations, a further inspection disclosed evidence that a bulldozer had disturbed the soil covering the septic tank and disposal field.

Mr. Culp testified that he did not know what was wrong with the septic system and that he had done nothing to improve it, but that the house was uninhabitable in its present condition. The non jury judgment of the Trial Court reads as follows:

> Non jury judgment for plaintiffs against all defendants for $5,246.00. Agreed narrative statement of the evidence shows the following facts:
>
> J. B. Hinson is a homebuilder. He built a home and engaged Roy Pevahouse to provide a septic tank and disposal field to dispose of human waste. Pevahouse constructed the system according to directions of an official of the state ground water protection agency. Hinson and wife sold the home to plaintiffs without a written sales contract and transferred it to plaintiffs by a general warranty deed. There

were no written warranties as to satisfactory operation of the septic system.

Soon after the transfer, foul smelling water appeared on the surface of the disposal area. The state inspector recommended remedial work. The sellers attempted to correct the trouble without success. Pevahouse was refused access to the premises to carry out remedial measures.

In *Dixon v. Mountain City Constr. Co.*, Tenn. 1982, 632 S.W.2d 538, the Supreme Court said:

In a factual situation similar to the instant case the North Carolina Supreme Court in *Harley v. Ballou, supra*, noting the trend of decisions as reflected as reflected in the annotation in 25 A.L.R.3d 383, adopted the following implied warranty:

"[w]e hold that in every contract for sale of a recently completed dwelling, and in every contract for the sale of a dwelling then under construction, the vendor, if he be in the business of building such swellings, shall be held to impliedly warrant to the initial vendee that, at the time of the passing of the deed or the taking of possession by the initial vendee (whichever first occurs), the dwelling, together with all its fixtures, is sufficiently free from major structural defects, and is constructed in a workmanlike manner, so as to meet the standard of workmanlike quality then prevailing at the time and place of construction; and that this implied warranty in the contract of sale survives the passing of the deed or the taking of possession by the initial vendee." *Id.* 209 S.E.2d at 783.

We adopt that implied warranty rule in this State and in accord with the factual situation in the present case hold that it shall also apply where, at the time the contract is entered into, a dwelling is to be constructed by the builder-vendor. This warranty is implied only when the written contract is silent. Builder-vendors and purchasers are free to contract in writing for a warranty upon different terms and conditions or to expressly disclaim any warranty.

Since there was no express warranty or limitation of warranty in the present case, the quoted authority implies a warranty that:

[T]he dwelling, together with all its fixtures, is sufficiently free from major structural defects, and is

-4-

> constructed in a workmanlike manner so as to meet the standard of workmanlike quality then prevailing at the time and place of construction .... .

A septic disposal system is provided with a house, is a fixture of the house, and is included in the implied warranty described above. However, the quoted warranty does not guarantee that the septic system will perform adequately. The implied warranty requires that the system be constructed in a workman like manner according to prevailing local standards.

Under the foregoing guidelines, plaintiffs are entitled to recover upon a showing that the septic system was not constructed in accordance with prevailing local standards. Such showing would require evidence of the prevailing local standard. The only evidence of the prevailing local standard was the testimony of the official who gave Mr. Pevahouse detailed directions for the location and construction of the system. There is no evidence that Mr. Pevahouse deviated from the directions received. Upon failure of the system the same official gave additional directions for improving the operation of the system. Plaintiffs' refusal to allow Mr. Pevahouse to carry out the directions does not relieve Mr. Hinson of liability for failure to provide a workable septic system in the home that he built and sold to the plaintiffs.

No issue is made on appeal as to the amount of damages awarded by the Trial Court.

The record does not demonstrate such a relationship between Roy Pevahouse and the plaintiffs as to justify a judgment against him.

The judgment of the Trial Court is modified by dismissing the defendant, Pevahouse.

As modified, the judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the defendant Hinson. The cause is remanded to the Trial Court for further proceedings consistent with this opinion.

**MODIFIED, AFFIRMED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE